UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

DONIEL THOMAS,

                                        Plaintiff,          **COMPLAINT AND
                                                            JURY DEMAND**

-against-

MICHAEL MENICHIELLO, AMY MANON, JOHN DOE
#1-2,

                                        Defendants.

----------------------------------------------------------------------- x


Plaintiff Doniel Thomas by his attorneys, Stoll, Glickman & Bellina, LLP, for his Complaint

alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff seeks relief for the violation of his rights

under the Eighth and Fourteenth Amendments of the United States Constitution as secured by 42

U.S.C. § 1983.

2.      The claim arises from plaintiff's detention at Downstate Correction Facility past the

maximum expiration of his sentence.   Defendants, as employees of the New York State

Department of Corrections and Community Supervision ("DOCCS"), acting under color of state

law, subjected plaintiff to cruel and unusual punishment when they acted with deliberate

indifference and caused plaintiff's illegal detention.

3.      Plaintiff seeks monetary damages (special, compensatory, and punitive) against

Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION AND VENUE

4.     This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

5.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and the doctrine of pendent jurisdiction.

6.     Venue is laid within the United States District Court for the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7.     Plaintiff DONIEL THOMAS is currently a resident of Westchester County, New York. Between January 11, 2015 and February 11, 2015, he was a sentenced prisoner in the custody of DOCCS at Downstate Correctional Facility in the jurisdiction of Dutchess County, New York.

8.     Defendants were employees of DOCCS between January 11 and February 11, 2015, and were acting in the capacities of agents, servants, and employees of the State, within the scope of their employment, and acting under color of state law.  Defendants worked at Downstate Correctional Facility at the time of the incident alleged in this complaint and were responsible for plaintiff's records and release processing. Defendants were aware of plaintiff's illegal detention but acted with deliberate indifference to remedy the problem.    Defendants are sued in their individual capacities.

9.     At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

## FACTUAL ALLEGATIONS

10.   On January 11, 2015, plaintiff arrived at Downstate Correctional Facility.

11.   On January 12, 2015, a Legal Date Computation was generated by Downstate staff, including the defendants, and reflected that the maximum expiration date of plaintiff's sentence was November 19, 2014.  Plaintiff had already served his entire sentence.

12.   Before an inmate can be released to parole, prison staff complete several tasks which include interviewing the inmate, getting approval for a residence upon release, obtaining parole conditions, and verifying there are no holds on the inmate.  When an inmate arrives past the expiration of his sentence, these tasks can be completed quickly to insure an immediate release.

13.   On January 15, plaintiff wrote to Downstate staff complaining that he was being held past the expiration of his sentence.  On January 22, he received a response from, upon information and belief, the defendants explaining that they were aware of his situation.

14.   On January 16, 2015, five days after plaintiff's arrival, defendant Menichiello conducted an interview with plaintiff to gather information about where plaintiff would reside upon his release.  Plaintiff was able to provide a potential address.  At the time of the interview, defendant Menichiello knew that plaintiff was beyond the maximum expiration of his sentence.

15.   On January 23, twelve days after his arrival, defendant Menichiello conducted a "community prep" interview and risk assessment of plaintiff.

16.   On January 28, 2015, more than two weeks after his arrival at Downstate, defendant Manon requested the "prep packet" as soon as possible from defendant Menichiello.   Several documents regarding plaintiff's release, including a cover sheet marked "to be treated emergency discharge" and "past ME [maximum expiration]" were forwarded to defendant Manon that same day.   Prior to January 28, defendant Menichiello did not properly provide the necessary

3

paperwork to facilitate plaintiff's release nor did defendant Manon request it.

17.    Throughout the month long illegal incarceration, defendants continued to fail to take effectual steps to facilitate plaintiff's release.  The defendants acted with deliberate indifference when they, among other things, delayed plaintiff's interview, failed to obtain residence approval, failed to request parole conditions and failed to have a parole officer assigned.

18.    Plaintiff was released from DOCS custody on February 11, 2015, thirty days after his arrival at Downstate Correctional Facility and almost three months after the expiration of his sentence.

19.    During all of the events above described, defendants acted with deliberate indifference causing harm to Plaintiff.

## **DAMAGES**

20.    As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a.  Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b.  Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

   c.  Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   d.  Deprivation of liberty;

   e.  Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, fright, horror, grief, shame, depression, loss of sleep, and increased levels of anxiety.

## <u>FIRST CAUSE OF ACTION</u>
42 U.S.C. § 1983

21.   The above paragraphs are here incorporated by reference.

22.   Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

23.   Defendants knew that plaintiff was being illegally held past the expiration of his sentence.  The defendants were responsible for plaintiff's extended incarceration and failed to take action demonstrating they were deliberately indifferent to plaintiff's problem.

24.   Defendant Menichiello was aware soon after plaintiff's arrival that the maximum expiration of his sentence had already passed.  Defendant Menichiello was aware that it was his responsibility to complete the necessary steps to secure plaintiff's release.   Defendant Menichiello's failure to act denied plaintiff his right to due process and his right to be free from cruel and unusual punishment.

25.   Defendant Manon was aware soon after plaintiff's arrival that the maximum expiration of his sentence had already passed.  Defendant Manon was aware that it was her responsibility to complete the necessary steps to secure plaintiff's release.  Defendant Manon's failure to act denied plaintiff his right to due process and his right to be free from cruel and unusual punishment

26.   As a direct and proximate result of the misconduct, lack of action and deliberate indifference detailed above, plaintiff sustained the damages described above.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.    In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B.    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C.    Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:       July 18, 2016
             Brooklyn, New York

                                              Respectfully yours,

TO:    ORC Michael Menichiello
        Amy Manon
       Downstate Correctional Facility        Nicole Bellina, Esq.
       121 Red Schoolhouse Road               Stoll, Glickman & Bellina, LLP
       P.O. Box 445                           475 Atlantic Avenue, 3rd Floor
       Fishkill, NY 12524-0445                Brooklyn, NY  11217
                                              (718) 852-3710
                                              nbellina@stollglickman.com